UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ANTHONY KLEIN, a/k/a TONY KLEIN, <br><br> Defendant. | CR. 14-50120-JLV <br><br><br> ORDER |

The government charged defendant Anthony Klein by superseding indictment on September 15, 2015.   (Docket 70).   Mr. Klein was charged with one count of conspiracy to distribute a controlled substance (methamphetamine) in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B).   Id.   Mr. Klein was arraigned on October 5, 2015.   (Docket 72).   Mr. Klein moves the court to dismiss the indictment or, alternatively, to strike language from the indictment. (Docket 90).   Mr. Klein also moves the court to require the government to file a bill of particulars.   (Docket 89).

Mr. Klein's motion to dismiss is based on legal arguments which have been soundly rejected in this district.   See United States v. LeBeau, CR. 14-50048-KES, Docket 296 at pp. 1-10; United States v. Stockman, CR. 09-50029-KES, Docket 62 at pp. 1-7; United States v. Hazelrigg, CR. 08-50062-04-KES, Docket 311.   Mr. Klein failed to assert any legal arguments or allege any facts specific to his case which would cause the court to deviate from existing district precedent.   Defendant's motion to dismiss is denied.

Mr. Klein's motion for a bill of particulars also raises arguments which have been rejected in this district.   See LeBeau, CR. 14-50048, Docket 296 at pp. 14-16; Stockman, CR. 09-50029, Docket 55; Hazelrigg, CR. 08-50047, Dockets 278; 400 at pp. 5-6.   Mr. Klein failed to assert any legal arguments or allege any facts particular to his case which would cause the court to deviate from existing district precedent.   The government asserts it already provided Mr. Klein with approximately 199 pages of discovery.   See United States v. Huggans, 650 F.3d 1210, 1220 (8th Cir. 2011) (allowing a district court to consider the extent of the discovery provided by the government when considering a motion for a bill of particulars).

Mr. Klein's motion for a bill of particulars is untimely as it was due within fourteen days after the date of his arraignment or as the court permits.   See Fed. R. Crim. P. 7(f).   Mr. Klein's motion was filed more than five months after his arraignment on the superseding indictment, see Dockets 72 & 89, and he provided no justification for the delay.   Defendant's motion for a bill of particulars is denied.

No good cause appearing, it is

ORDERED that defendant's motion to dismiss (Docket 90) is denied.

IT IS FURTHER ORDERED that defendant's motion for a bill of particulars (Docket 89) is denied.

Dated June 10, 2016.

BY THE COURT:

/s/ Jeffrey L. Viken

JEFFREY L. VIKEN
CHIEF JUDGE

2